# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Roberto Gonzalez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **5:11CR01945-001JB**<br>USM Number: **27023-051**<br>Defense Attorney: **Sib Abraham, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(l) | Felon in Possession of a Firearm and Ammunition | 04/28/2011 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 26, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**June 7, 2012**
Date Signed

Defendant: **Roberto Gonzalez**
Case Number: **5:11CR01945-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

**On October 17, 2011 Defendant Roberto Gonzalez pled guilty, without the benefit of a plea agreement, to the Indictment, filed July 20, 2011 (Doc. 22), charging a violation of 18 U.S.C. §§ 922(g) and 924(a)(2), that being Felon in Possession of a Firearm and Ammunition. See Plea Minutes Sheet at 1, filed October 17, 2011 (Doc. 34). On January 12, 2012, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on Gonzalez. The USPO calculates that Gonzalez has a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). See PSR ¶ 17, at 6. The PSR applies a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 24, at 7. Accordingly, the USPO calculates that Gonzalez` total offense level is 17. See PSR ¶ 19, at 6. The USPO also calculates that Gonzalez has a criminal history category of III, based on 4 criminal history points. See PSR ¶ 31, at 12. A total offense level of 17 and a criminal history category of III, establishes a guideline imprisonment range of 30 to 37 months. See PSR ¶ 72, at 24.**

**At the sentencing hearing held on March 26, 2012, Gonzalez asked that the Court vary downward on his sentence, because 3 of his criminal history points resulted from a 1996 conviction. Plaintiff United States of America stated that, if the Court removed those 3 criminal history points, the guideline range would be 24 to 30 months and agreed that 24 months would be an appropriate sentence. The parties also agreed to the Court reducing Gonzalez` offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court has reviewed the PSR`s factual findings and guidelines calculation, and there not being any objections to those findings, the Court adopts them as its own. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a).**

**The offense level is 17 and the criminal history category is III, establishing a guideline imprisonment range of 30 to 37 months. The Court notes that on April 28, 2011 Gonzalez possessed a firearm and ammunition after having been convicted of a felony offense. The Court has, as the record will reflect, considered the guidelines, but in arriving at its sentence, has taken account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully reviewing the materials before the Court, the Court concludes that the punishment set forth in the guidelines is not appropriate for this offense. The Court then considered the kinds of sentences and ranges established in the guidelines and concludes that some variance is appropriate. The Court believes that the United States` proposed sentence of 24 months is an appropriate sentence for this case. Gonzalez has performed well on pretrial release and has made some progress towards his rehabilitation. As part of his rehabilitation, Gonzalez obtained his GED. Gonzalez has four children and is described as a good father. These three factors alone, however, would not support a variance. In support of a variance, both Gonzalez and the United States point to a 1996 incident that occurred when Gonzalez was 17 and which accounts for 3 of Gonzalez` criminal history points. For his 1996 conviction, Gonzalez received a 4 year sentence. He spent 6 months in custody and the remaining 3 and half years of his sentence were suspended. For his 2003 driving while intoxicated conviction, the other conviction for which Gonzalez received criminal history points, Gonzalez spent 180 days in custody and 180 days on probation. Gonzalez also received convictions in 1996 and 2000 for which the USPO assessed no criminal history points, which included: (i) misdemeanor convictions in 1996 for disorderly conduct and battery; and (ii) traffic offenses in 2000 for not having insurance or a registration and for an open-container violation. On five other occasions Gonzalez has been arrested, but not convicted of any offense. The Court does not believe it can say that Gonzalez` criminal history category substantially over-represents his criminal history, but the age of this conviction, in addition to the three other factors that the Court identified, support a variance. Accordingly, the Court will follow the United States` proposed sentence and vary six months to a sentence of 24-months imprisonment.**

**The Court believes that a sentence of 24 months is adequate to reflect the seriousness of this offense and to promote respect for the law, because of the four reasons that the Court identified. The Court concludes that it provides a more just punishment. The Court also finds that it affords adequate deterrence on both a specific and general level, because this sentence is the most serious one that Gonzalez has received. The Court is troubled that Gonzalez wrestled with a police officer and attempted to pull a gun, which is why the Court believes that it must emphasize protecting the public and should not vary below 24 months. The Court also believes that this sentence avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because of the four reasons that the Court has given, which distinguish Gonzalez from other defendants. Additionally, the Court finds that this sentence is appropriate, because of some of the conditions that the Court will impose on supervised release to provide some necessary education, training, and care to prevent recidivism from occurring in the future.**

**The Court concludes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable, more reasonable than the applicable guidelines sentence and reflects accurately the factors in 18 U.S.C. § 3553(a). Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Gonzalez to 24-months imprisonment.**

☒  The court makes the following recommendations to the Bureau of Prisons:

   **The Court recommends the Defendant participate in mental health counseling while incarcerated.**

☐  The defendant is remanded to the custody of the United States Marshal.
☒  The defendant shall surrender to the United States Marshal for this district:
   ☐  at  on
   ☒  as notified by the United States Marshal.
☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on
   ☐  as notified by the United States Marshal
   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.




_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Roberto Gonzalez**
Case Number: **5:11CR01945-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐　　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒　　The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒　　The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐　　The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐　　The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Roberto Gonzalez**
Case Number: **5:11CR01945-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs, and firearms at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

Defendant: **Roberto Gonzalez**
Case Number: **5:11CR01945-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐         The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or
B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.